**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MAHALA AULT, STACIE RHEA and
DAN WALLACE,

                      **Plaintiffs,**

-vs-                                    **Case No. 6:07-cv-1785-Orl-31KRS**

WALT DISNEY WORLD CO.,

                      **Defendant.**

## ORDER

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. 20) and Plaintiffs' Response thereto (Doc. 40).

**I. Background**

Plaintiffs Mahala Ault ("Ault"), Stacie Rhea ("Rhea") and Dan Wallace ("Wallace") bring this action, on behalf of themselves and others similarly situated, against Defendant Walt Disney World, Co. for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq*. ("the ADA").

Plaintiffs allege that they are disabled and rely solely on the Segway Personal Transporte ("Segway") for mobility. A Segway is a two-wheeled, self-balancing, motorized transportation device, which an individual must stand on to ride. The Walt Disney World Resort ("WDW") prohibits the use of Segways by visitors at all four of its amusement parks. Plaintiffs allege that this prohibition has the effect of denying them the full use and enjoyment of the theme parks at

WDW. Plaintiffs seek declaratory and injunctive relief, as well as costs and attorneys fees. (Doc. 1 at 10-11).

## II. Standard of Review

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, 127 S. Ct. 1955, 1965 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (*citing* FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id*. (internal citation and quotation omitted). "A

complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989).

### III. Legal Analysis

Defendant argues, *inter alia*, that this Court lacks subject matter jurisdiction over this matter because Plaintiffs have failed to allege sufficient facts to establish that they have standing to obtain injunctive relief. "When standing is challenged on a factual basis, the plaintiff must demonstrate that standing exists by a preponderance of the evidence." *Rosenkrantz v. Markopoulos*, 254 F. Supp. 2d 1250, 1252 (M.D. Fla. 2003) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981) and *Perry v. Village of Arlington Heights*, 186 F.3d 826 (7th Cir. 1999)).

To obtain injunctive relief, a plaintiff must allege four things: first, that she has suffered an injury-in-fact; second, the existence of a "causal connection between the asserted injury-in-fact and the challenged action of the defendant;" third, that the injury will be redressed by a favorable decision; and, fourth, "a real and immediate -- as opposed to a merely conjectural or hypothetical – threat of future injury." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (emphasis in original) In ADA cases, a plaintiff lacks standing to pursue injunctive relief unless she "alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." *Id*. (internal citations and quotations omitted); *see also Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) ("Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be 'certainly impending' to constitute injury in fact.") (internal citation and

quotation omitted); *Johnson v. Bd. of Regents of the Univ. of Ga.*, 263 F.3d 1234, 1265 (11th Cir. 2001) ("to have standing to obtain forward-looking relief, a plaintiff must show a sufficient likelihood that [she] will be affected by the allegedly unlawful conduct in the future").[1]

Defendant correctly argues that Rhea fails to allege any intention to visit WDW in the future. Therefore, she has not established that she will likely suffer from discrimination at the Defendant's hands in the future and, accordingly, lacks standing to pursue injunctive relief.

Wallace does allege that he and his family intend to visit WDW in the near future (Doc. 1 at 7) and argues that this is sufficient to establish a likelihood of future injury under *Stevens v. Premier Cruises, Inc.,* 215 F.3d 1237, 1239 (11th Cir. 2000). However, Wallace's intent to visit WDW is far more speculative than that of the plaintiff in *Stevens,* who had previously taken a cruise on one of the Defendant's ships and indicated an intent to do so again. There is no indication that Wallace has ever visited WDW in the past, or that he has made any attempt to do so.[2]

---

[1]*See also Shotz*, 256 F.3d at 1082 (where complaint only alleged past incidents of discrimination, and did not allege that plaintiffs either attempted to return to defendant's facility or intended to return in the future, plaintiff failed to allege real and immediate threat of future discrimination); *Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357 (S.D. Fla. 2001) ("Absent an allegation that he intends to return to the public accommodation, an ADA plaintiff fails to demonstrate this "irreducible minimum" and thus lacks standing to sue for injunctive relief."); *Atakpa v. Perimeter OB-GYN Assocs., P.C.*, 912 F. Supp. 1566, 1573-74 (N.D. Ga. 1994) (plaintiff lacked standing under ADA and Rehabilitation Act where she failed to allege likelihood that she would use defendant as health care provider in the future and that if she did that they would discriminate against her).

[2] The Supreme Court in *Lujan* commented that to sufficiently establish injury in fact a plaintiff must prove more than an intent to return to places previously visited. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563-64, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992). The Court stated that "such 'someday intentions--without any description of concrete plans, or indeed even any speculation of when the some day will be-do not support a finding of 'actual or imminent' injury that our cases require." *Id*. at 564 (emphasis in original).

Therefore, not only is the likelihood of future injury to Wallace speculative, but there is no allegation that he has suffered an injury in fact. Thus, Wallace does not have standing to obtain injunctive relief.

Finally, with regard to Ault, at the time the complaint was filed she had definitive future plans to visit WDW, in December 2007. (Doc. 1 at 5). However, because that date has passed, any injunctive relief granted by this Court cannot redress her injury. Therefore, Ault also lacks standing to obtain injunctive relief.

## IV. Conclusion

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Doc. 20) is **GRANTED** and Plaintiffs' Complaint is **DISMISSED**. Plaintiffs shall have leave to file an amended complaint within 10 days of this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 20, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

*Rosenkrantz*, 254 F. Supp. 2d at 1252.