# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MAHALA AULT, STACIE RHEA and
DAN WALLACE,**

           **Plaintiffs,**

**-vs-**                                                      **Case No.  6:07-cv-1785-Orl-31KRS**

**WALT DISNEY WORLD CO.,**

           **Defendant.**

_____

# ORDER

This matter comes before the Court on Defendant's Motion to Dismiss the Amended

Complaint (Doc. 50) and Plaintiffs' Response thereto (Doc. 51).

## I. Background

Plaintiffs Mahala Ault ("Ault"), Stacie Rhea ("Rhea") and Dan Wallace ("Wallace") bring

this action, on behalf of themselves and others similarly situated, against Defendant Walt Disney

World, Co. for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, *et*

*seq*. ("the ADA").

Plaintiffs allege that they are disabled and rely solely on the Segway Personal Transporter

("Segway") for mobility. A Segway is a two-wheeled, self-balancing, motorized transportation

device, which an individual must stand on to ride. The Walt Disney World Resort prohibits the use

of Segways by visitors at all four of its theme parks ("the Parks"). Plaintiffs allege that this

prohibition has the effect of denying them the full use and enjoyment of the Parks. Plaintiffs seek

declaratory and injunctive relief, as well as costs and attorneys fees.

**II. Standard of Review**

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, 127 S. Ct. 1955, 1965 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (*citing* FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on

which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384

(11th Cir. 1989).

**III. Legal Analysis**

   *A) Standing*

   First, Defendant argues that Plaintiffs have, again[1], failed to allege sufficient facts to

establish that they have standing to obtain injunctive relief.

> To obtain injunctive relief, a plaintiff must allege four things: first, that she has suffered an
> injury-in-fact; second, the existence of a "causal connection between the asserted
> injury-in-fact and the challenged action of the defendant;" third, that the injury will be
> redressed by a favorable decision; and, fourth, "a real and immediate – as opposed to a
> merely conjectural or hypothetical – threat of future injury.

*Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (emphasis in original). In ADA cases, a

plaintiff lacks standing to pursue injunctive relief unless he "alleges facts giving rise to an

inference that he will suffer future discrimination by the defendant." *Id*. (internal citations and

quotations omitted); *see also Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) ("Allegations of

possible future injury do not satisfy the requirements of Art. III. A threatened injury must be

'certainly impending' to constitute injury in fact.") (internal citation and quotation omitted);

*Johnson v. Bd. of Regents of the Univ. of Ga.*, 263 F.3d 1234, 1265 (11th Cir. 2001) ("to have

standing to obtain forward-looking relief, a plaintiff must show a sufficient likelihood that [she]

will be affected by the allegedly unlawful conduct in the future").

   In the Amended Complaint, all three Plaintiffs allege a specific intent to visit the Parks in

the future. Defendant argues that these intentions are not concrete enough because Plaintiffs may

---

   [1]This Court dismissed Plaintiffs' original complaint for lack of standing and Plaintiffs' then
filed the instant Amended Complaint.

change their minds. However, this argument would essentially foreclose any suit for injunctive

relief. Anybody may "change their mind" about future plans, regardless of how concrete those

plans appear to be at the outset. In this case, each Plaintiff has alleged that they intend to visit the

Parks at a specific point in time in the near future. These allegations are sufficient to establish

standing.

> *B) Failure to State a Claim*

Defendant then argues that Plaintiffs have failed to state a claim under the ADA because

they have failed to allege facts that would demonstrate that the use of Segways is a reasonable and

necessary accommodation. All of these arguments would require the exploration and resolution of

factual issues that are simply not before the Court at this time.

## IV. Conclusion

For the reasons stated herein, it is

**ORDERED** that Defendant's Motion to Dismiss (Doc. 50) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 13, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party