**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MAHALA AULT, STACIE RHEA and**
**DAN WALLACE,**

                **Plaintiffs,**

**-vs-**                                                  **Case No.  6:07-cv-1785-Orl-31KRS**

**WALT DISNEY WORLD CO.,**

                **Defendant.**

_____

# ORDER

This matter came before the Court without oral argument upon consideration of the parties' Second[1] Agreed Motion for Leave to Amend Plaintiffs' First Amended Complaint ("Agreed Motion for Leave to Amend") (Doc. 81) and Joint Motion for Conditional Class Certification and Preliminary Approval of Joint Stipulation of Settlement and Release ("Joint Motion for Conditional Class Certification") (Doc. 82).

**I. Background**

As noted in the Court's prior orders throughout this case, Plaintiffs, Mahala Ault, Stacie Rhea and Dan Wallace (collectively, "Plaintiffs"), bring this class action, on behalf of themselves and others similarly situated, against Defendant, Walt Disney World, Co. ("Disney"), for alleged

---

[1] The parties previously filed an Agreed Motion for Leave to Amend Plaintiffs' First Amended Complaint (Doc. 77). Although the parties do not refer to the present Agreed Motion for Leave to Amend Plaintiffs' First Amended Complaint as a "Second" motion, for ease of reference, the Court has done so throughout this Order.

violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq*. ("the ADA").

Specifically, Plaintiffs allege that they are disabled and rely primarily on the Segways, as opposed to wheelchairs or scooters, for their mobility. A Segway is a two-wheeled, self-balancing, motorized transportation device upon which an individual must stand in order to ride. Disney generally prohibits the use of Segways by visitors at all of its Florida and California theme parks (the "Parks"), but permits visitors to use wheelchairs or scooters. Plaintiffs allege that Disney's prohibition on Segways has the effect of denying them the full use and enjoyment of the Parks in contravention of the ADA.

In their Second Agreed Motion for Leave to Amend, the parties seek leave for Plaintiffs to file a Second Amended Complaint which would broaden Plaintiffs' proposed class definition to include Disney's theme parks located in California as well as Florida. Consistent with this Court's December 12, 2008 Order (Doc. 80) denying the parties' first Agreed Motion for Leave to Amend (Doc. 79), Plaintiffs Second Agreed Motion for Leave to Amend includes a class definition which sufficiently limits the proposed settlement class to a cohesive unit. Accordingly, and for the reasons articulated in the Court's prior Order (Doc. 80), the Second Agreed Motion for Leave to Amend will be granted.

In their Joint Motion for Conditional Class Certification, the parties seek certification of a nationwide settlement class under Federal Rule of Civil Procedure 23(b)(2). After more than a year of extensive discovery and motion practice, including a pending and contested motion for class certification (Doc. 66), the parties have now reached a settlement. Specifically, the parties have agreed that Disney will make available certain electrically-powered, stand-up vehicles

("ESVs") at its Parks for guests who claim to have a disability which requires them to use a stand-up mobility device.  Disney has developed these ESVs on its own and has agreed to make available no fewer than fifteen (15) of these devices at its Parks starting sometime reasonably after April 1, 2009.

After articulating the standards for class certification, the Court addresses the Joint Motion for Conditional Class Certification, *infra*.  Having concluded that certification of a settlement-only class is appropriate in this case, the Court then analyzes the terms of the proposed settlement pursuant to Rule 23(e).  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Standard of Review

A district court must rigorously analyze whether the requirements of Federal Rule of Civil Procedure 23 are satisfied before certifying a class.  *General Telephone Co. v. Falcon*, 457 U.S. 147, 161 (1982);  *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996); *Gilchrist v. Bolger*, 733 F.2d 1551, 1555 (11th Cir. 1984).  This is true even in the context of a proposed settlement class.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems...But other specifications of [Rule 23] – those designed to protect absentees by blocking unwarranted or overbroad class definitions – demand undiluted, even heightened, attention in the settlement context.").  While the terms of a settlement may play a role in the calculus under Rule 23(a), courts cannot substitute the "fairness" of a settlement for Rule 23's certification criteria.  *Id.* at 622.

Plaintiffs bear the burden of satisfying all of the prerequisites of Rule 23(a) and at least one of the requirements of Rule 23(b).  *Rutstein v. Avis Rent-a-Car Sys., Inc.*, 211 F.3d 1228, 1233

(11th Cir. 2000) (internal citation and quotation omitted); *Gilchrist*, 733 F.2d at 1556. In pertinent part, Rule 23(a) requires that:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

The commonalty and typicality requirements of Rule 23 are guideposts which tend to merge. *Falcon*, 457 U.S. at 158 n.13. Together with adequacy of representation, these requirements ask whether the proposed class would be a sufficiently cohesive unit as to warrant deviation from the usual principle that "one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Hansberry v. Lee*, 311 U.S. 32, 40 (1940) (internal citations omitted).

In addition to Rule 23(a)'s requirements, a proposed class seeking injunctive relief must also satisfy Rule 23(b)(2) by demonstrating that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." FED. R. CIV. P. 23(b)(2).

At the class certification stage, the Court generally must view the allegations in the complaint in the light most favorable to the plaintiffs, but, in doing so, the Court need not artificially limit its examination of the factors relevant to class certification. *Gibbs Props. Corp. v. Cigna Corp.*, 196 F.R.D. 430, 435 (M.D. Fla. 2000). The Court may appropriately look beyond plaintiffs' allegations to determine whether Rule 23's requirements are met. *Falcon*, 457 U.S. at

160 ("[S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question."). However, Rule 23 does not give the Court "authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974).

**III. Analysis**

    **A. Joint Motion for Conditional Class Certification**

As previously stated, even in the context of certifying a settlement-only class, courts must remain vigilant in ensuring that the requirements of class certification have been met. After analyzing the requirements of Rule 23(a) and 23(b)(2), *infra*, the Court concludes that certification of a settlement-only class is proper in this case.

        **1. Rule 23(a)**

            **a. Numerosity**

The threshold requirement of numerosity requires that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Impracticability does not mean impossibility or infeasibility. *Sandlin v. Shapiro & Fishman*, 168 F.R.D. 662, 665-66 (M.D. Fla. 1996) (citation omitted). No specific number is required to satisfy numerosity. However, less than twenty-one members is generally inadequate. *See*, *e.g.*, *Jones v. Firestone Tire and Rubber Co., Inc.*, 977 F.2d 527, 534 (11th Cir. 1992)(citations omitted). Impracticability depends on the facts of each case. *General Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980) (The "numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations.")

Here, Plaintiffs have identified twenty-five individuals who would likely be included in the settlement class (Doc. 66-2). With the expansion of the class to now include Disney's California Parks, the parties further urge the Court to consider the "bi-coastal expansiveness" of the proposed class (Doc. 82 at 7).

Although Plaintiffs have been able to identify only twenty-five actual class members, the Court is satisfied that the numerosity requirement has been met in this case. In addition to those individuals already identified by Plaintiffs, the Court agrees that the expanded class definition captures enough class members to make joinder impracticable in this case.

### b. Commonality

The second prerequisite of Rule 23(a) requires that there be questions of law or fact common to the class. Commonality refers to the characteristics of the class as a whole. *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (citations omitted). This requirement, however, does not require that all of the questions of law or fact raised by the case be common to all class members. *Id.* at 1279; *see also Haitian Refugee Ctr., Inc. v. Nelson*, 694 F. Supp. 864, 877 (S.D. Fla. 1988). Indeed, the existence of a single factual or legal question across the class as a whole may often suffice. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1080 (3d Cir. 1996). In the context of the ADA, in particular, the allegation that a defendant has engaged in a common discriminatory practice, such as failing to correct access barriers to disabled individuals, will satisfy the commonality requirement. *See, e.g., Access Now, Inc. v. Ambulatory Surgery Ctr. Group, Ltd.*, 197 F.R.D. 522, 524 (S.D. Fla. 2000)(citations omitted).

Plaintiffs have easily satisfied the commonality requirement in the instant case. Every class member, in fact, has an identical claim: Disney has prohibited its mobility-disabled patrons,

who rely upon a Segway or substantially similar stand-up mobility device for assistance with their mobility, from using Segways at its Parks. Whatever the variation in, or extent of, particular class members' disabilities, each member relies upon a Segway for their mobility. Accordingly, the question common to every class member is whether Disney's general prohibition violates the ADA.

### c. Typicality

Under Rule 23(a)(3), the named plaintiffs, or class representatives, must present claims which are typical of the claims asserted by the absent members of the class. *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985), *abrogated on other grounds by Green v. Mansour*, 474 U.S. 64 (1985). Typicality does not require, however, that "all putative class members share identical claims." *Prado-Steiman*, 221 F.3d at 1279 n.14 (citations omitted). Indeed, "[T]he typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members." *Appleyard*, 754 F.2d at 958. The named plaintiffs' claims are typical if they stem from the same event, practice, or course of conduct that forms the basis of the class claims and are based upon the same legal or remedial theory. *Id.*; *see also Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (stating that "[a] sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory"). Thus, to meet the typicality requirement, the class representatives must demonstrate that the members of the class have the same or similar grievances as themselves. *See generally Falcon*, 457 U.S. 147.

Plaintiffs have clearly met the typicality requirement. As with the commonality requirement, the claims of the putative class representatives in the instant case are identical to the

claims of every class member.  Every class member – whether absent from the proceedings or acting as a class representative – is asserting that Disney's prohibition on Segways precludes them from the full use and enjoyment of the Parks.  Furthermore, because both the putative class representatives and absent class members rely upon Segways for their mobility, the differences in the representatives' and absent class members' disabilities are irrelevant.

### d.  Adequacy of Representation

The final requirement found in Rule 23(a) requires a showing that the representative parties will fairly and adequately protect the interests of the class.  What constitutes adequate representation is a question of fact which depends upon the circumstances of each case and is entrusted to the discretion of the trial court.  *See* 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1765 (3d ed. 1998); *see also Schatzman v. Talley*, 91 F.R.D. 270, 272 (N.D. Ga. 1981).  Generally, however, the adequacy of the representation depends on two factors: (1) the named Plaintiffs must appear to be able to prosecute the action vigorously through qualified, experienced and competent counsel; and (2) the named Plaintiffs must not have interests antagonistic to those of the class.  *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987) (citing *Griffin v. Carlin*, 755 F.2d 1516, 1532 (11th Cir. 1985)); *see also Andrews v. Am. Tel. & Tel. Co.*, 95 F.3d 1014, 1023 (11th Cir. 1996).  Just what measure of representation is adequate depends on the circumstances of each case.  *Guerine v. J & W Inv., Inc.*, 544 F.2d 863, 864-65 (5th Cir. 1977) (citations omitted).

Defendants do not dispute the qualifications and competence of Plaintiffs' counsel.  The Court notes that Plaintiffs' counsel are generally experienced and qualified to conduct the instant litigation.  Furthermore, there is no conflict between the interests of the putative class

representatives and the absent class members. Every class member has suffered the same injury and is requesting the same injunctive relief. Accordingly, the Court concludes that the named plaintiffs will fairly and adequately protect the interests of the class.

### 2. Rule 23(b)(2)

In addition to the requirements of Rule 23(a), Plaintiffs must satisfy the requirements of Rule 23(b)(2). Rule 23(b)(2) requires a showing that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

Here, Plaintiffs ask this Court to enjoin Disney from enforcing its no-Segway policy against those suffering from a disability who rely upon a Segway for assistance with their mobility. The very nature of the rights which Plaintiffs seek to vindicate requires that the relief they request run to the benefit of not only the named plaintiffs, but also to all those similarly situated. Indeed, assuming the Court were to grant injunctive relief to only one disabled individual who relies upon a Segway for his mobility, such relief would necessarily inure to the benefit of all similarly disabled individuals. As the parties note, this is precisely the sort of situation for which certification under Rule 23(b)(2) is appropriate. *See*, *e.g.*, *Access Now, Inc. v. AHM CGH, Inc.*, No. 98-cv-3004, 2000 WL 1809979, at *5 (S.D. Fla. July 12, 2000)(finding Rule 23(b)(2)'s requirements were clearly met in ADA case seeking exclusively injunctive relief). Accordingly, the Court concludes that Plaintiffs have satisfied the requirements of Rule 23(b)(2).

### B. Rule 23(e) - Fairness of the Settlement Agreement

Class action settlements require the approval of the Court, which must ensure that the settlement is "fair, adequate and reasonable and is not the product of collusion between the

parties." FED. R. CIV. P. 23(e). Determination of the fairness of a class action settlement is left to the sound discretion of the district court. *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). However, in making this determination, district courts should consider the following factors: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of the litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of the proceedings at which the settlement was achieved. *Id.* (citations omitted).

As a threshold matter, Plaintiffs' likelihood of success at trial is questionable. As they themselves concede, Plaintiffs must prove that their requested injunctive relief is necessary to afford access to Disney's Parks (Doc. 82 at 11) (citing *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 688 (2001)). All the named plaintiffs in this case testified that they were able to use wheelchairs or scooters (Doc. 82 at 11). Indeed, Ms. Ault, for instance, even testified that she has visited Disney's Parks on numerous occasions by using a three-wheeled scooter (Doc. 72-7 at 25). Accordingly, the Court could easily conclude that Plaintiffs simply prefer the Segway to other types of mobility devices and that such a preference, as a matter of law, need not be accommodated under the ADA. Given Plaintiffs' limited likelihood of success at trial, a settlement affording some relief would likely be more beneficial than receiving no relief at all.

With respect to the range of possible recovery and the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable, Plaintiffs have sought solely declaratory and injunctive relief. Consequently, the range of possible recovery is limited: Plaintiffs may either receive no relief whatsoever or an injunction precluding Disney from

prohibiting Segways at its Parks. The parties agree, however, that Disney's provision at its Parks of no fewer than fifteen (15) ESVs, which would be rented only to guests with a mobility disability necessitating a stand-up mobility device, would provide substantially the same relief as precluding Disney from enforcing its no-Segway policy. Accordingly, the Court concludes that the settlement places the class at the optimal point along the limited spectrum of possible outcomes in this case.

With respect to the complexity, expense and duration of the litigation, this has not been a particularly complex case. However, the parties have expended a great deal of money in prosecuting and defending this one-year-old, track three case. In addition to their extensive discovery, Plaintiffs vigorously contested a motion to dismiss (Docs. 20, 40 and 41), filed an amended complaint which was also subject to a motion to dismiss (Docs. 49, 50, 51 and 52), and drafted a thorough motion for class certification which was contested (Docs. 66 and 72). Similarly, Disney has vigorously defended this suit and has spent considerable resources in developing an alternative to Segways which meets both its safety concerns and the mobility needs of the Plaintiffs. Notwithstanding, then, the complexity of this case, the Court concludes that the settlement is fair, adequate and reasonable in light of the expense and duration of the litigation.

Lastly, with respect to the stage of the proceedings at which this settlement was reached, the Court concludes that the settlement has been reached at an appropriate time. Unlike the situation in *Amchem*, where the parties presented their complaint, answer, motion for conditional certification and proposed settlement on literally the same day, 521 U.S. at 601-02, the settlement here is clearly the product of a vigorously litigated case. As noted, *supra*, this settlement has been preceded by extensive discovery and motion practice (including a contested motion for class

certification). In the view of the Court, there is little concern that the settlement is the product of collusion or lack of adversarial vigor.

Having assessed all of the *Bennett* factors, the Court grants preliminary approval to the parties' settlement agreement. Subject to a Rule 23(e) fairness hearing, the Court will grant final approval to the settlement.

### C.  Notice of Settlement

The Court has reviewed the parties' proposed Notice of Class Action Settlement and Hearing (Doc. 79-3). With the exception of some minor deficiencies, the parties' proposed notice is largely adequate. The Court, however, is ultimately responsible for ensuring that the best notice practicable is provided to the class. FED. R. CIV. P. 23(e). To this end, the Court will prepare its own notice which the parties will be directed to use.

The parties suggest two methods of providing notice of the settlement. First, the parties propose to email or send a copy of the notice to "each person known to counsel for any party in this case who claims to have a mobility impairment or disability and expressed an interest in bringing a Segway to the Disney Resorts" (Doc. 82 at 16). Based on Plaintiffs prior identification of the individuals who would likely be included in the class, this method of notice will reach only twenty-five people (Doc. 66-2).

Second, the parties propose to provide the same notice to Disability Rights Advocates for Technology ("DRAFT") and Segs4Vets, a program run by DRAFT which apparently targets veterans. The parties contend that DRAFT and its Segs4Vets program have "broad national scope" which have "promoted the use of Segways as mobility aids by individuals with disabilities and which have urged the elimination or modification of rules prohibiting the use of Segways in

-12-

various places and facilities around the nation" (Doc. 82 at 16).  The parties, however, do not identify the size of DRAFT or its Segs4Vets program, their respective memberships or audiences, the method(s) by which DRAFT or Segs4Vets communicate with their members, and, most importantly, how many potential class members would likely receive notice of the settlement.

The Court concludes that the parties' proposed means of providing notice, as presently conceived, are inadequate.  While the Court has conducted a cursory review of DRAFT's web site and finds DRAFT might be an appropriate organization through which notice could be provided, the parties have not provided the extent of DRAFT's reach, identified any similar organizations which could also provide notice to the class, or specified the manner in which DRAFT would actually effectuate notice to the class.  Accordingly, the parties are directed to file a joint supplemental brief proposing, in detail, the means by which the best notice practicable can be provided to the class.

## IV.  Conclusion

Based on the foregoing, it is hereby **ORDERED** that the Second Agreed Motion for Leave to Amend Plaintiffs' First Amended Complaint (Doc. 81) and the Joint Motion for Conditional Class Certification and Preliminary Approval of Joint Stipulation of Settlement and Release (Doc. 82) are **GRANTED**.  Accordingly, Plaintiffs' contested Motion for Class Certification (Doc. 66) and the prior Joint Motion for Conditional Class Certification and Preliminary Approval of Joint Stipulation of Settlement and Release (Doc. 79) are **DENIED** as **MOOT**.

The parties are **FURTHER ORDERED** to file a joint supplemental brief proposing, in detail, the means by which the best notice practicable can be provided to the class.   More

specifically, the parties shall identify the size and reach of DRAFT and its Segs4Vets program, the method by which this organization and its Segs4Vets program communicate with their target audiences, how many potential class members will likely receive notice of the settlement through DRAFT or Segs4Vets, and whether any similar organizations exist, including Segway, Inc. itself, through which could also be provided to the class.  The parties' joint brief will be due by no later than **Friday, January 16, 2009** and shall be limited to no more than ten (10) pages in length. After reviewing the supplemental brief, the Court will enter an Order detailing the manner in which notice of the settlement shall be provided and setting a date some sixty (60) days thereafter for the fairness hearing.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 5, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE