UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Mahala Ault, Stacie Rhea, Dan
Wallace, for themselves and
on behalf of all others similarly situated,

       Plaintiffs,                                Case No. 6:07-cv-1785-Orl-31KRS

       v.

Walt Disney World Co.

       Defendant.
_____/

**PLAINTIFF MAHALA AULT'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff, MAHALA AULT ("Ault"), by and through her undersigned counsel, hereby requests the Court to award her reasonable attorney's fees and costs as a prevailing plaintiff under the American with Disabilities Act, 42 U.S.C. § 12182, *et seq.* (the "ADA"). In support of her motion, Ault states as follows:

Ault, along with Plaintiffs Stacie Rhea and Dan Wallace, filed a class action lawsuit against Defendant, Walt Disney World Co. ("Disney"), for alleged violations of Title III of the ADA. The Plaintiffs are disabled individuals who rely on Segways, rather than wheelchairs and similar devices that require the user to sit, for their mobility. Disney prohibits the use of Segways at its theme parks. Plaintiffs complaint alleged that Disney's prohibition against the use of Segways by guests of the theme parks had the effect of denying them the full use and enjoyment of Disney's theme parks, in violation of the provisions of the ADA.

More than one year after vigorously prosecuting their claims, Plaintiffs and Disney reached a settlement that includes moving this Court for an order certifying a class for settlement purposes, pursuant to Fed.R.Civ.P. 23(e). As a result of the settlement reached by the parties,

Disney has agreed to make available electrically-powered, stand-up vehicles to the guests of its theme parks who have a disability which requires them to use a stand-up device (such as a Segway) in order to have such guest see and enjoy the "experience." As a result of the settlement negotiations, Disney agreed to not object to requests to be awarded certain amounts of attorney's fees and costs of Plaintiffs Rhea and Wallace ($15,000 and $55,000, respectively). No similar agreement was reached between Ault and Disney with respect to the attorney's fees and costs of Ault's attorney, Bernard H. Dempsey, Jr. Rather, the parties to the settlement agreed that Ault would seek an award of her attorney's fees and costs, and Disney would be able to file an opposition to such requested award.

As a result of this Court's Order of January 5, 2009, (Doc. 83), the Second Agreed Motion for Leave to Amend Plaintiff's First Amended Complaint (Doc. 81) and the Joint Motion for Conditional Class Certification and Preliminary Approval of Joint Stipulation of Settlement and Release (Doc. 82) were granted. Thereafter, Plaintiff Rhea filed her Unopposed Fee Application (Doc. 91) and Plaintiff Wallace filed his Unopposed Motion for an Award of Attorney Fees (Doc. 92).

In its Order concluding that certification of a settlement-only class was appropriate in the case, this Court founded that the attorneys representing the Plaintiffs as class representatives are "generally experienced and qualified to conduct the instant litigation." (Doc. 83, p. 8) In discussing the fairness of the settlement reached by the parties, this Court noted that the "settlement places the class at the optimal point along the limited spectrum of possible outcomes in this case." (Doc. 83, p. 11) The Plaintiffs had sought declaratory and injunctive relief in this case. As a result of the settlement, the Plaintiffs were successful in obtaining the result they sought on behalf of the class of disabled individuals.

Although this may not have "been a particularly complex case," this Court did find that the parties had vigorously litigated this matter, including the Plaintiffs responding to motions to dismiss challenging it original and amended complaints and successfully seeking, over the original objections of Disney, class certification. As a result, this Court concluded that "settlement here is clearly the product of a vigorously litigated case." (Doc. 83).

Originally, Ault's counsel, the undersigned ("Dempsey"), was retained to act as local counsel for Wallace and reviewed the complaint drafted by Wallace's counsel, John Baker ("Baker"), maintaining an ADA claim against Disney. Dempsey's experience as an Assistant United States Attorney, as was J. Philip Krajewski (one of Wallace's attorneys) had led to Dempsey initially being sought by Wallace's counsel. A few months later, Orlando attorney Victor Chapman referred Rhea's attorney to Dempsey to act as local counsel for Rhea in a similar suit against Disney. Then, unrelated to either of the preceding matters, Ault engaged Dempsey to handle her ADA claim against Disney. As a result of these matters all coming to Dempsey, Dempsey suggested to counsel for Wallace and Rhea that the three plaintiffs combine their efforts and file a class action against Disney regarding the ADA violations that are the subject of this litigation.

The settlement between the Plaintiffs and Disney means that the Plaintiffs, including Ault, are each a "prevailing party" entitled to recover attorney's fees and costs pursuant to 42 U.S.C. § 12205.

## Memorandum of Law

Ault and her co-Plaintiffs are the prevailing parties in the context of ADA litigation, even with this case resulting in a settlement. In *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources,* 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855

(2001), the Supreme Court clearly noted that a "material alteration of the legal relationship of the parties" is necessary to permit an attorney's fees award under a "prevailing party"fee-shifting statute. *Id.* at 604, 121 S.Ct. at 1835 (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). The Court held that a settlement agreement is a "court-ordered change in the legal relationship" between the parties such as to support the awarding of fees and costs. *Id. See also, American Disability Ass'n, Inc. v. Chmielarz,* 289 F.3d 1315, 1317 (11th Cir. 2002). ). The Supreme Court, however, has made it clear that the "prevailing party inquiry does not turn on the magnitude of the relief obtained." *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed2d 494 (1992). *See also, Hayden v. City of Orlando*, 2008 WL 3889596 at *8 (M.D. Fla. 2008)(to prevail a party need only have received some relief on the merits of a claim).

As Congress had done with other civil rights laws, the ADA depends on the private bar to protect the interests of individuals whose civil rights are violated and seek the remedies available under the ADA. In 42 U.S.C. § 12205, Congress provided that a court may award the prevailing party a reasonable attorney's fee, including litigation expenses, and costs. The Eleventh Circuit Court of Appeals has adopted the "lodestar" method to determine a reasonable attorney's fee. *Norman v. Hous. Auth. of City of Montgomery,* 836 F.2d 1292 (11th Cir. 1988). In determining the lodestar, a court determines "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *accord Norman* at 1299-1302. *See also, Hayden* at * 9; *Weil v. Vescovi,* 2007 WL 2827697 (M.D. Fla. 2007); *Reyes v. Falling Star Enterprises, Inc.*, 200062927553 (M.D. Fla. 2006).

Under *Hensley* and *Norman*, the starting point in determining what amount of attorney's fees is to be awarded a prevailing plaintiff such as Ault is to find what reasonable hourly rate should be used in the calculation of the lodestar. *Hensley* at 433; *Norman* at 1299. That hourly rate "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman* at 1299. In this regard, attached hereto and incorporated herein are the affidavits of Dempsey (Exhibit A); his former associate, Nancy Johnson, who provided significant services on this matter through March 2008 (Exhibit B); Angela Browning, Lead Paralegal with Dempsey & Associates, P.A. (Exhibit C) and Orlando attorney, Victor Chapman (Exhibit D).

As local counsel for the three named plaintiffs in this case and the attorney who took the lead on several key items, including the deposition of Gregory Hale, Disney's Rule 30(b)(6) corporate representative, Dempsey and his firm brought its combined years of skill and experience to bear on this case and were critical to achieving the result the Plaintiffs obtained. As attested to in the attached affidavits, Dempsey is one of Central Florida's most experienced trial attorneys who has devoted a significant portion of his practice for decades to the representation of clients such as Ault in civil rights actions, including class actions. It was Dempsey's skill and experience that led Rhea and Wallace to seek him out for assistance with their cases against one of the most well-funded and well-represented defendants in Central Florida. And it was Dempsey who strongly urged and encouraged the parties through their counsel to file this matter as a class action lawsuit. Had the three named plaintiffs in this case each proceed individually, it is clear that the significant change in Disney's treatment of similarly disabled guests would have come at the time and in the manner achieve by Ault and her co-plaintiffs in the settlement-only class action.

Further, although Dempsey was part of a team of attorneys representing the Plaintiffs in this case, the workload was not shared equally among those attorneys. With all due respect, a review of the affidavit and billing statement that accompanied the fee application of Wallace's counsel seems to suggest that Wallace's counsel did the great bulk of the work in this matter and that Dempsey did little beyond filing documents with this Court and other ministerial tasks. The Defendant may attempt to defeat this Motion for an Award of Attorney's Fees and Costs by claiming that, by agreeing to not object to the fees claimed by counsel for Wallace and Rhea and paying those fees pursuant to the settlement, Defendant will have paid the attorneys most responsible for the Plaintiffs' success in achieving the settlement in this case. Ault must clarify such a misconception. Because such an assumption would be inaccurate, the attached affidavits of Dempsey, Johnson, and Browning set forth the substantial work done by Dempsey and his associated professionals, and clarify what tasks were shared by Dempsey and Wallace's counsel and what tasks were the primary responsibilities of Dempsey.

During this matter, Dempsey's regular billing rates were $325 or $425 per hour. Dempsey's associates billed at regular rates of $200 or $250 per hour, which paralegal time on this matter was billed at $90 or $120 per hour. Dempsey's law firm initially billed this matter at rates reduced from its standard rates, as is its practice when acting solely as local counsel. When Ault separately retained Dempsey & Associates, P.A., she agreed to compensate her counsel at the regular rates of all its attorneys and paralegal as of November, 2007. This compares to the rates charged by Wallace's counsel at $350 per hour (for both Mr. Baker, an attorney with over 10 years of experience, and Mr. Krajewski, an attorney with over 40 years of experience).

6

Rhea's attorney billed at $275 per hour and has been in practice since 1996.[1] As the attached affidavits attest, these rates are reasonable billing rates in Central Florida for this type of litigation, considering the skill, experience, and reputation of the professionals whose time is reflected on the billing statement attached to Dempsey's affidavit, Exhibit A. Dempsey's affidavit also details the skill and experience of each member of the Dempsey firm who provided services to Ault on this case.

Further, as the Eleventh Circuit established in *Norman*, in order to allow a court to properly determine the lodestar amount when considering a fee award, the fee application must both "have maintained records to show the time spent" and must set out the subject matter of the time spent "with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman* at 1303. In conformity with this requirement, Dempsey has provided this Court with his billing statements that provide great detail as to each task performed by Dempsey and his associated professionals, and do not simply contain billing entries such as "review issues," "review draft," or "telephone conference." *See, Hansen* at 1352.

It should be noted that the affidavit provided by Victor Chapman (Exhibit C) was given after Mr. Chapman had the opportunity to review Dempsey's billing records only through January 15, 2009. Therefore, Mr. Chapman's affidavit does not address the fees and costs incurred by Dempsey in connection with the instant motion, to which Ault is entitled to recovery. However, Mr. Chapman's opinion as to the reasonableness of the hourly rates charged by

---

[1] Dempsey acknowledges that counsel for both Wallace and Rhea agreed with Disney to seek an award of fees in an amount that is less than the full amount such counsel recorded in this case. Dempsey believes that such individual decisions by those law firms are not relevant to the appropriate award this Court should make in regard to Ault's motion for attorney's fees and costs. Dempsey has maintained with counsel for Disney that Dempsey would not agree to seek less than the appropriate lodestar amount under the criteria established in the Eleventh Circuit.

7

Dempsey and his professional associates should be helpful to this Court in determining the ultimate fee to which Ault is entitled.

Under 42 U.S.C. § 12205, Ault, as a prevailing ADA plaintiff, may also recover reasonable litigation expenses and costs. Dempsey's affidavit, with the incorporated billing statements, set out the reasonable costs and expenses Ault incurred in connection with the case, reimbursement of which should be awarded by this Court. Reasonable litigation expenses are usually included in an award of statutory attorney's fees. *See American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County,* 278 F.Supp.2d 1302, 1328 (M.D. Fla. 2003). Thus, "with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under [42 U.S.C.] § 1988." *American Civil Liberties Union of Georgia v. Barnes,* 168 F.3d 423, 438 (11th Cir. 1999). *See also, Hansen* at 1353-54.

Finally, some of the attorney's fees award sought by Ault is attributable to time spent in preparing this Motion, including the affidavits filed herewith. It is settled law that fees and costs related to obtaining an attorney's fee award is recoverable. *See, Jones v. Stack,* 758 F.2d 567, 568 (11th Cir. 1985).

WHEREFORE, Ault respectfully requests that this Court grant her Motion for Attorney's Fees and Costs, and award Ault $106,812.50 in attorney's fees and $8037.63 in costs (being costs of $8275.89 less deposits and reimbursements received to date) for a total of $114,850.13, plus any additional fees and costs expended in bringing this case to conclusion.

**Certificate of Compliance with Local Rule 3.01(g)**

Pursuant to Local Rule 3.01(g), counsel for Ault has conferred with counsel for Disney in a good faith effort to resolve the issues raised by this Motion. Counsel for both parties have been unable to resolve this matter.

Respectfully submitted this 27th day of February, 2009.

s/ Bernard H. Dempsey, Jr.
BERNARD H. DEMPSEY, JR.
Florida Bar No. 107697
bhd@dempsey-law.com
DEMPSEY & ASSOCIATES, P.A.
1560 Orange Avenue, Suite 200
Winter Park, FL 32789
Telephone: (407) 422-5166
Facsimile: (407) 422-8556
Attorney for Plaintiff Ault

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via Electronic Delivery via the CM/ECF System on this 27th day of February, 2009, and was therefore provided by electronic means to the following counsel:

John A. Baker
J. Phillip Krajewski
Jason M. Medley
Kerry Alan Scanlon
Jeremy M. White
Manuel Kushner

s/ Bernard H. Dempsey. Jr.
Attorney for Plaintiff Ault
