**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MAHALA AULT, STACIE RHEA and
DAN WALLACE,

                              **Plaintiffs,**

-vs-                                                          **Case No.  6:07-cv-1785-Orl-31KRS**

WALT DISNEY WORLD CO.,

                              **Defendant.**

_____

# ORDER

This matter came before the Court without oral argument upon consideration of the Motion for Leave to File Complaint against Defendant Disney World Co. (the "Motion") (Doc. 145) filed by Disability Rights Advocates for Technology ("DRAFT"), Tina Baughman, Jerry Kerr and certain other individual objectors[1] (*see* Doc. 97) and the "Notice of Proposed Class Action Settlement Sent to State and Federal Officials" (the "Notice") (Doc. 146) filed by Defendant Walt Disney World Co. ("Disney").

In their Motion, Objectors move this Court for leave to file their own complaint against Disney because Disney failed to comply with certain provisions of the Class Action Fairness Act ("CAFA"), specifically 28 U.S.C. § 1715(b), discussed further, *infra* (Doc. 145 at 1).  While Objectors concede that their proposed complaint is "similar to the pending intervention complaint" that Plaintiffs moved this Court for leave to file in their Motion to Intervene (Doc. 128) – which

---

[1]Unless otherwise noted, for purposes of this Order, DRAFT, Tina Baughman, Jerry Kerry and the objectors identified in Doc. 97 are referred to collectively herein as "Objectors."

the Court recently denied (Doc. 148) – Objectors nevertheless contend that Disney's failure to comply with CAFA's notice provisions voids the proposed settlement agreement and that, even assuming the settlement receives final Court approval, any class member may simply "choose not to be bound" by the settlement (Doc. 145 at 8).

In pertinent part, CAFA's notice provision provides that:

(b) In general. -- Not later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement . . .

(d) Final approval. -- An order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice required under subsection (b).

(e) Noncompliance if notice not provided. --

(1) In general. -- A class member may refuse to comply with and may choose not to be bound by a settlement agreement or consent decree in a class action if the class member demonstrates that the notice required under subsection (b) has not be provided.

28 U.S.C. § 1715.

The proposed settlement in this class action was filed on December 26, 2008 (Doc. 82).  In its Notice, Disney admits that it failed to provide notice to the appropriate state and federal officials within ten (10) days of the filing the proposed settlement as required by 28 U.S.C. § 1715(b).  Disney represents, however, that upon learning of its oversight, it immediately began to provide the required notice (Doc. 146 at 1).  Disney further contends that in other reported class action cases the required notice under 28 U.S.C. § 1715(b) has been sent well after the ten-day period following the initial filing of the proposed settlement (Doc. 146 at 1-2, citing *Battaline v.*

*Advest, Inc.*, No. 06-CV-569, 2008 U.S. Dist. LEXIS 77164, at *1-2 (W.D. Pa. Oct. 1, 2008); *D.S. v. New York City Dep't of Educ.*, 255 F.R.D. 59, 80 (E.D.N.Y. 2008)).  Finally, Disney argues that the named plaintiffs, class members, and objectors have not been prejudiced by the failure to comply with 28 U.S.C. § 1715(b) because DRAFT itself was chosen to provide notice to the class and has been actively involved in the litigation and because the U.S. Department of Justice is already an *amicus curiae* and has had actual knowledge of the proposed settlement for some time (Doc. 146 at 2-3).

Upon review, the Court agrees that Disney's failure to comply with 28 U.S.C. § 1715(b) has not resulted in any actual prejudice and does not necessitate the granting of Objectors' Motion. Accordingly, it is **ORDERED** and **ADJUDGED** that:

1.  The Motion for Leave to File Complaint against Defendant Disney World Co. (Doc. 145) filed by Disability Rights Advocates for Technology ("DRAFT"), Tina Baughman, Jerry Kerr and certain other individual objectors is **DENIED**.

2.  By no later than Friday, May 15, 2009, Defendant Walt Disney World Co. shall file a notice, styled "Notice of Compliance with 28 U.S.C. § 1715(b)," certifying its compliance with 28 U.S.C. § 1715(b) and identifying the dates on which service was effected upon the appropriate state and federal officials.

3.  Consistent with 28 U.S.C. § 1715(d), and assuming that the Court decides to grant final approval to the proposed settlement agreement, the Court shall withhold its grant of final approval until at least ninety (90) days after the last date on which any appropriate state or federal official was identified as having been served in Defendant Wald Disney World Co.'s Notice of Compliance with 28 U.S.C. § 1715(b).

4.  Any appropriate state or federal official who is not otherwise informed of and already actively participating in this case may file an objection to the proposed settlement agreement at any time, before or after the fairness hearing, provided such objection is filed within ninety (90) days of having been served by Defendant Walt Disney World Co.  The Court shall throughly review and give all due consideration to any such objections prior to granting or refusing to grant final approval to the proposed settlement agreement.

5.  Notwithstanding the provisions of 28 U.S.C. § 1715(e), provided Defendant Walt Disney World Co.'s Notice of Compliance with 28 U.S.C. § 1715(b) demonstrates actual compliance with 28 U.S.C. § 1715(b), class members may not refuse to comply with and shall be bound by the settlement agreement in the event the Court grants final approval to same.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 27, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE