**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MAHALA AULT, STACIE RHEA and
DAN WALLACE,

                **Plaintiffs,**

-vs-                                            **Case No.  6:07-cv-1785-Orl-31KRS**

WALT DISNEY WORLD CO.,

                **Defendant.**
_____

# ORDER TO SHOW CAUSE

This matter came before the Court without oral argument upon consideration of the "Suggestion to the Court Regarding Jurisdiction" (the "Notice") (Doc. 160) filed by certain Objectors and Disability Rights Advocates for Technology ("DRAFT").  On May 19, 2009, the Court construed the Notice as a motion to stay (the "Motion to Stay") (Doc. 170) and directed the named parties to file responses to same.  On May 26, 2009, named Plaintiffs Mahala Ault and Dan Wallace and Defendant, Walt Disney World Co. ("Disney"), filed their respective responses (*see* Docs. 176, 178 and 180).

Upon review, the Court finds the Motion to Stay to be completely devoid of merit.  As Disney points out in its response to the Motion to Stay, within the past ten weeks DRAFT has filed

> twelve motions and responsive briefs in this Court and on appeal: three procedural motions, three motions to compel, a motion for leave to file a new complaint, a motion to intervene, the instant motion to stay..., an opposition to the motion for extension, and a motion to expedite the appeal and for summary remand, and the reply thereto.

(Doc. 178).[1]  Within the context of these other filings, DRAFT's instant motion appears to be nothing more than a thinly veiled attempt to further obfuscate these proceedings and has been of no benefit to the Court, the named parties, objectors, and absent class members.  Accordingly, it is

ORDERED that the Motion to Stay (Doc. 160) is **DENIED**.  It is **FURTHER ORDERED** that by no later than **Wednesday, June 10, 2009**, Objectors Disability Rights Advocates for Technology, Tina Baughman and Jerry Kerr, and their counsel, Aaron C. Bates, David G. Geffen, and David Ferleger, shall show cause in writing why they should not be subject to sanctions pursuant to 28 U.S.C. § 1927 or FED. R. CIV. P. 11 for their filing of the "Suggestion to the Court Regarding Jurisdiction"(Doc. 160).

---

[1]DRAFT filed an additional "Notice to the Court" yesterday evening (Doc. 177).  In its new notice, DRAFT briefly attempts to supplement its Motion to Stay without seeking leave of the Court. Furthermore, DRAFT compels the Court, *inter alia*, to carefully consider the applicability of a Florida statute which DRAFT "recently identified" as establishing Florida's "public policy" of permitting the use of Segways (Doc. 177 at 3-4, citing FLA. STAT. § 316.2068).  However, Section 316.2068 specifically gives counties and municipalities the power to *prohibit* the use of Segways and other "electric personal assistive mobility devices" in the "interest of safety," FLA. STAT. § 316.2068 (5). In filing its new notice, DRAFT "certifies that" to the best of its "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," its new notice is "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 11.  Had DRAFT made any reasonable inquiry before filing its new notice, however, it would have known that for more than forty years all of the Disney's Florida theme parks have been located within the Reedy Creek Improvement District – a special entity established by the Florida legislature with municipal powers that is controlled by Disney.  *See* Chapter 67-764, Laws of Florida, Special Acts 1967; FLA. STAT. § 163.3167(9); *see also State v. Reedy Creek Improvement Dist.*, 216 So. 2d 202 (Fla. 1968); 77 Fla. Op. Att'y Gen. 44 (1977); Robert W. Martin, Jr., *Disney World: A Kingdom Into Itself*, 9 Stetson Intramural L. Rev. 423 (1977); Reedy Creek Improvement District, http://www.rcid.ord.  It is far from clear, then, that FLA. STAT. § 316.2068 would even apply to Disney.  In any event, since this entire case is based on a federal statute, the Court sees little relevance in the so-called "public policy" embodied in FLA. STAT. § 316.2068.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 27, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE