**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MAHALA AULT, STACIE RHEA, and**
**DAN WALLACE,**

      **Plaintiffs**

v.                                                  Case No. 6:07-CV-1785-ORL-KRS

**WALT DISNEY WORLD CO.,**

      **Defendant.**

**DISABILITY RIGHTS ADVOCATES FOR**
**TECHNOLOGY,** *et al.*,

      **Movants for Intervention**

_____

**RESPONSE OF DISABILITY RIGHTS ADVOCATES FOR TECHNOLOGY,**
**TINA BAUGHMAN AND JERRY KERR,**
**AND COUNSEL DAVID GEFFEN, DAVID FERLEGER AND AARON BATES**
**TO SHOW CAUSE ORDER DATED MAY 27, 2009 (DOC. 185)**

With appreciation for the import of the Court's May 27, 2009 Show Cause Order (Doc. 185), Disability Rights Advocates for Technology, Tina Baughman and Jerry Kerr, and Counsel David Geffen, David Ferleger and Aaron Bates respectfully acknowledge the dismay and concern expressed by the Court. Certainly, no disrespect and no violation of any rule or statute was intended by any of our actions in this case. We apologize and commit to continued care and attention so that no further action may cause similar concern on the part of the Court.

In the discussion below, we highlight what we believe were reasonable disagreements between the interpretations of the law which we expressed and those expressed by Disney, the latter of which the Court appears to have adopted, at least preliminarily. We submit that

on systematic analysis, no fault will be found which violates either Rule 11 or 28 U.S.C. § 1927. Rather reasonable positions were taken in our advocacy which – whether right or wrong, meritorious or even "completely devoid of merit" – wee made in good faith and in compliance with the standards.

**I.    Background**

Proposed Intervenors filed their "Suggestion to the Court Regarding Jurisdiction" on May 15, 2009 (Doc. 160), advising that, in their view, the pendency of the interlocutory appeal from the denial of intervention divested this Court of jurisdiction during the appeal, considering the overlapping factual and legal issues between the intervention and the upcoming class action settlement fairness hearing.[1]

Out of respect for the Court and deference to the Court's itself considering the jurisdictional issues, the filing was intentionally titled a "Suggestion" and was not filed as a "motion to stay."[2] The Court then, *sua sponte*, construed the filing as a motion for a stay and directed the named parties to file responses (Doc. 170), which they did. (Docs. 176, 178 and 180).

Plaintiff Ault did not oppose a stay (Doc. 176). Plaintiff Wallace opposed a stay (Doc. 180). Defendant Walt Disney World Co. opposed a stay (Doc. 178).  These documents were filed May 26, 2009.

On May 27, 2009, this Honorable Court denied the motion for stay, finding it "to be completely devoid of merit." The Court referred to prior recent filings and stated, "Within the

---

[1]  The *Suggestion* was filed on behalf of the denied Proposed Intervenors, not on behalf of all the objectors generally.

[2]  A motion for stay involves different standards from a jurisdictional matter.

context of these other filings, DRAFT's instant motion appears to be nothing more than a thinly veiled attempt to further obfuscate these proceedings and has been of no benefit to the Court, the named parties, objectors, and absent class members." (Doc. 185). The Court ordered Objectors Disability Rights Advocates for Technology, Tina Baughman and Jerry Kerr, and their counsel, to show cause why sanctions should not be imposed "pursuant to 28 U.S.C. § 1927 or Fed. R. Civ. P. 11 for their filing of the 'Suggestion to the Court Regarding Jurisdiction' (Doc. 160)."

**II.     Prior Motions**

The Court quoted Defendant Disney's brief as background to its finding on the jurisdiction suggestion:

> [W]ithin the past ten weeks DRAFT has filed twelve motions and responsive briefs in this Court and on appeal: three procedural motions, three motions to compel, a motion for leave to file a new complaint, a motion to intervene, the instant motion to stay..., an opposition to the motion for extension, and a motion to expedite the appeal and for summary remand, and the reply thereto.

Disney's recitation and computation exaggerates the reality greatly. As the chart below shows, there were just six substantive motions (excluding the motion to intervene). Disney could reach their number only by including understandable and non-controversial filings:

> a. non-objectionable items: minor procedural matters (such as the unopposed pro hac vice motion, the parties' joint motion for telephonic conference which resulted in the Court's continuance of the March 31 hearing, corrections of an exhibit),
>
> b. the motion to intervene and notice of appeal (intervention in class action settlement proceedings is not unusual), and
>
> c. after refusal by Disney to produce for inspection the standing ESV device (which we now see was a major piece in Disney's defense of the settlement), a motion to compel its production. Once the motion was filed, Disney acceded.

d. a motion to compel the 176 pages of discovery which Disney produced to Plaintiffs, and to increase the inspection time for Disney's ESV device so Objectors' expert could examine it. As the Court noted during the hearing on June 4, Disney refused to allow Objectors' expert Michelle Gunn to examine the device even during the one hour period.

| # | Doc. | Date | Motion | Comment |
|---|---|---|---|---|
|  | 97 | 3/12/09 | Objection to approval of the settlement. (Amended at Doc. 141 re format, in response to Clerk) | Objection required of anyone objecting to settlement |
|  | 104 | 3/18/09 | Unopposed motion for David Ferleger and David Geffen to appear pro hac vice | Procedural pro hac vice. Unopposed |
|  | 110 | 3/25/09 | JOINT MOTION for Telephone Conference (initiated by DRAFT) | Joint Motion by parties. Court the next day, 3/26, postponed the Hearing. Doc. 116. |
|  | 112 | 3/25/09 | Motion to correct/amend Ex D to Objection. Doc. 97(correction of list of objectors) | Unopposed procedural motion. Granted Doc. 135. Corrected Ex at Doc. 142. |
|  | 113 | 3/25/09 | Response, noting error in a filing by Disney on the Joint Motion for Telephone Conference | Correction of error. |
| 1 | 114 | 3/26/09 | **Motion to compel inspection of Disney 4-wheeled stand up device** | **Resolved by agreement. Doc. 130, 133. NECESSARY SINCE OBJECTORS WERE NOT PARTIES.** |
| 2 | 115 | 3/26/09 | **Motion to shorten time for response to corrected Ex. D** | **Necessary because Hearing was set for 3/31, 5 days later. Court set 4/3 for response. Doc. 116. COURT SET DATE.** |
|  | 128 | 4/2/09 | Motion to Intervene by DRAFT, Daniel Gade, Alan Maccini, and James Overby. Oral argument request, Doc. 129. | Motion denied 4/24/09. Doc. 148. INTERVENTION IN CLASS ACTIONS ARE NOT UNUSUAL |
| 3 | 145 | 4/23/09 | **Motion for leave to file Complaint against Walt Disney World Co. by DRAFT, Tina Baughman, Jerry Kerr, on ground that Class Action Fairness Act (CAFA) was violated** | **Court and Disney agreed CAFA notice is required. Court denied motion to file complaint, and required notice to be given. Doc. 146, 149.** |
|  | 152 | 4/28/09 | Notice of Appeal |  |
| 4 | 160 | 5/15/09 | **Suggestion to the Court** | **The subject of the Show** |

4

| 4 | 160 | 5/15/09 | Suggestion to the Court Regarding Jurisdiction | The subject of the Show Cause Order |
|---|---|---|---|---|
| 5 | 163 | 5/16/09 | Motion to compel deposition of class attorney John Baker | **NECESSARY SINCE OBJECTORS WERE NOT PARTIES.  ADEQUACY OF REPRESENTATION IS ISSUE FOR HEARING** |
| 6 | 169 | 5/18/09 | **Motion to compel Disney to produce discovery previously produced to plaintiffs, and sample ECV and ESV, for review by experts for hearing** | **COURT HAD ISSUED ORDER RE WITNESSES, INCL EXPERTS. ADD'L TIME REQUESTED FOR EXPERT INSPECTION. PAPER DISCOVERY REVIEW APPROPRIATE.** |
|   | 181 | 5/27/09 | Motion for leave to file reply to Disney response on motion to | Reply to Disney response. |

**III.     Rule 11 and § 1927 Standards**

Rule 11 sanctions may be imposed "when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law." *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1506 (11th Cir.1993).

The assessment requires that, first, a court determines whether the party's claims are objectively frivolous.  If the answer is yes, then the court determines whether the signing party should have been aware that they were frivolous. Absent a "reasonable inquiry," the court must impose sanctions. *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir.1991).

Here, proposed intervenors' counsel performed extensive research, citing caselaw on point and – whether or not deemed correct in the final analysis – making a reasonable suggestion regarding the jurisdictional question.[3]

---

[3] This is thus quite unlike the case before this Court in which Rule 11 sanctions were justified when counsel relied on "two, non-legal sources in place of legal research" and "Plaintiff's counsel attempted to the "pass the buck" of legal research" to those non-legal

5

Section 1927 must be strictly construed. *Peterson v. BMI Refractories*, 124 F.3d 1386 (11th Cir. 1997) ("the provisions of § 1927, being penal in nature, must be strictly construed."). The issue is not whether the party or attorney "could and should have done differently than he did." *Id.*

The plain language of 28 U.S.C. § 1927 sets forth three requirements for imposition of sanctions:

(1) an attorney must engage in "unreasonable and vexatious" conduct;

(2) such "unreasonable and vexatious" conduct must "multipl[y] the proceedings;" and

(3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct.

*McMahon v. Toto*, 256 F.3d 1120 (11th Cir. 2001). It is not "unreasonable and vexatious" under the first prong for a party to interpret the law – even if later found to be wrongly – based on arguable positions and interpretations of the law. *McMahon* explains the way a court might consider such a situation:

> On this record, we cannot say that the district court abused its discretion in answering that question in the negative. Counsel for MBM and McMahan argued to the district court that the New York state court decision in Bass never decided the issue of whether the Releasors had breached their contracts by joining the RICO action. MBM and McMahan took the position that Bass had merely held that they were not entitled to attorney's fees, which did not necessarily mean there had been no breach of contract by the Releasors. The district court and this Court have rejected their position since this lawsuit was filed, but that merely means there is no merit to the position. Something more than a lack of merit is required for § 1927 sanctions or they would be due in every case. The opinion of the Appellate Division of the Supreme Court of

---

sources. *Fish v. Florida Dept. of Corrections*, 2007 WL 4365727 (M.D. Fla. 2007). *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1282 (11th Cir. 2002) (Rule 11 sanctions against plaintiff and his counsel for filing baseless Rule 11 motion; history of filing "baseless, harassing actions"; filing baseless recusal motion); *See Riccard v. Prudential Ins. Co. of America*, 2005 WL 2548456 (M.D. Fla. 2005) (similar repeated objectionable behavior).

> New York in Bass is not entirely clear, and actually does offer some support
> for MBM and McMahan's interpretation of that opinion, although not enough
> to convince us their interpretation is correct.

*McMahon*, 256 F.3d at 1128-1129. Similarly, in an exemplary case, all plaintiffs' claims proved to be frivolous, but "more than a lack of merit" is required for sanctions under § 1927. *Jerelds v. City of Orlando*, 194 F.Supp.2d 1305 (M.D. Fla. 2002). Such sanctions are typically imposed after repeated and obviously improper actions by counsel. *E.g.*, *Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001) (counsel for malpractice plaintiff filed baseless RICO complaint against doctors and hospital after plaintiff's state court complaint was voluntarily dismissed, and record was "replete" with bad faith and dilatory tactics).

The mere filing of even unreasonable or vexatious pleadings is not sufficient for § 1927 sanctions. The conduct must be "so egregious that it is tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 457 F.3d 1180, 1190 (11th Cir.2006) (internal quotation marks and citation omitted). "[A]n attorney's conduct must be particularly egregious to warrant the imposition of sanctions-the attorney must knowingly or recklessly pursue a frivolous claim ...." *Id.* at 1193. "[N]egligent conduct, standing alone, will not support a finding of bad faith under § 1927 .... For sanctions under section 1927 to be appropriate, something more than a lack of merit is required." *Id.* (internal quotation marks and citations omitted), as cited and quoted in *Ocwen Loan Servicing, LLC v. Accredited Home Lenders, Inc.,* 2009 WL 916935 (M.D. Fla. 2009). In *Ocwen*, even though a misrepresentation in an affidavit had occurred, which the court found "troubling, negligent, and warranting admonishment," no sanctions were imposed because the court could not "find that the Defendant acted in objective bad faith."

## IV. The Arguments Advanced on the Jurisdiction Issue, Whether Correct or Not, Were Reasonable and Not Vexatious or Objectively in Bad Faith

We consider below the arguments advanced in our Suggestion in the context of the counter-arguments made by Disney in response. Because Disney's response was immediately followed by the Show Cause Order, and the Court referenced Disney's response in its Show Cause Order, Disney's counter-arguments seem to be a relevant context within which to analyze the Suggestion's compliance with Rule 11 and § 1927.

Disney made three arguments in *Walt Disney World Co.'s Opposition to Motion for Stay* (Doc. 160) ("Disney Opposition"):

> A. Intervention "is not the contemplated method for nonnamed class members to object to a proposed class action settlement," citing *Devlin v. Scardelletti*, 536 U.S. 1, 122 S.Ct. 2005, 2013 (2002). Proposed intervenors have no right to appeal before final judgment.
>
> B. "[T]he Court of Appeals does not have jurisdiction to hear an interlocutory appeal by objecting class members," claiming that "black-letter law" supports that contention.
>
> C. "There is no legal support for their premise that this Court is divested of its jurisdiction to proceed or for the procedure they are following or what they are now asking of this Court. " *Walt Disney World Co.'s Opposition to Motion for Stay* at 1-2 (Doc. --).

Of course, the Court need not at this point decide, one way or another, whether Disney or the Objectors are "right" or "wrong" on any of these questions. The question under Rule 11 and § 1927 is not correctness.

We respectfully suggest that Disney is not so clearly right nor are Objectors clearly wrong on any of these points, discussed below *seriatim*.

A. On the "right to appeal," *Devlin* and *United States v. Alabama*, 271 Fed.Appx. 896, 898-99 (11th Cir. 2008), do hold that objectors "may" or "have the power" to appeal without first intervening. However, neither case holds that objectors <u>may not</u> appeal before

final judgment. Disney did not contend that these two cases hold that objectors may not appeal before final judgment, and cited no case which so holds.

*Devlin* finds that nonnamed class members are "allowed to appeal," *id.* at 10, and "have the power to appeal." *Id.* at 14. The case did not address or even mention the issue of whether an objector must wait until final judgment to appeal. The point of contention in *Devlin* was whether an unnamed class member is a "party" under the rules. *See* Justice O'Connor's majority opinion and Justice Scalia's dissent (solely on the "party" question), not on when an appeal can be filed.[4]

The 11th Circuit concurs that this was the "point" of *Devlin*. *AAL High Yield Bond Fund v. Deloitte & Touche LLP,* 361 F.3d 1305, 1310 (11th Cir. 2004) ("the point of *Devlin,* which was to allow appeals by parties who are actually bound by a judgment, not parties who merely *could* have been bound by the judgment.") (emphasis in original). Indeed, the 11th Circuit there recognized the continued validity of the "anomalous rule." *Id.* at 1309, n. 4.

We note that the Court's Show Cause Order did not fault the Proposed Intervenors for filing a notice of appeal. Therefore, perhaps Disney's argument on this point is beside the point but we emphasize here that there is no caselaw of which we are aware – and none cited by Disney – which forbids all appeals by any party denied both types of intervention.

B.   Disney sought to turn the "may" wait until final judgment into a "must" by ignoring the 11th Circuit's "anomalous rule" which specifically permits appeal from denial of intervention before final judgment. *Angel Flight of Georgia, Inc. v. Angel Flight America,*

---

[4] To the same effect is the other case cited by Disney, *United States v. Alabama*, 271 Fed. Appx. 896, 898 (11th Cir. 2008). This was a class action, which noted in *dicta* that non-named class members "may appeal," again without diminishing the "anomalous rule" and without requiring that the intervenors await final judgment.

*Inc.*, 272 Fed. Appx. 817, 818-819 (11th Cir. 2008); *Hollywood Community Synagogue, Inc. v. City of Hollywood, FL*, 254 Fed.Appx.769 (11th Cir. 2007); *Stone v. First Union Corp.*, 371 F.3d 1305 (11th Cir. 2004).[5]

To accomplish bypassing 11th Circuit law, Disney cites a case each from the 1st, 2d and 3d Circuits, ignoring that the 11th Circuit's anomalous rule is so named precisely because it is different from the rule in other circuits.

Disney relied on *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 380 (1987), claiming that it held that the court of appeals "lacked jurisdiction to hear an interlocutory appeal because the intervenors had a right to appeal from the final judgment." Disney Opposition at 3.

In the case at bar, Proposed intervenors sought <u>both</u> permissive intervention and intervention of right; the Court's order denying intervention did not distinguish between the two. The 11th Circuit's rule on appellate jurisdiction does, however, distinguish between the two, by permitted the interlocutory appeal and then – on appeal – determining its jurisdiction, based on which sort of intervention was involved. *See* note 5 *supra*.

Disney cited *Stringfellow* for a holding which is absent from the case. The Court in *Stringfellow* held that a district court order, granting permissive intervention but denying intervention as of right, was not immediately appealable. In fact, as Justice Powell stated in the very first sentence of the opinion, "The question before us is whether a district court order granting permissive intervention but denying intervention as of right is immediately appealable." That circumstance (a <u>grant</u> of one type, and <u>denial</u> of the other) did not occur here.

---

[5]  If the denial of intervention under Rule 24(a) was improper, the Court retains jurisdiction over the appeal. If it was proper, the appeal is dismissed. *Angel Flight, supra.*

Disney suggested – with no supporting caselaw – that the anomalous rule has somehow disappeared when the case is a class action. There is no basis for that argument. The best Disney could do is to note that some "anomalous rule" cases are not class actions, and to cite a *per curiam* decision which <u>does not involve appeal of an intervention order</u> and <u>does not involve the "anomalous rule,"</u> *Hunter v. Department of Air Force Agency*, 846 F.2d 1314 (11th Cir. 1988), which held in a non-class case only that a Title VII plaintiff was not required to immediately appeal denial of appointment of counsel.[6]

C.   On the third question, whether an appeal divested the Court of jurisdiction, the disagreement which Disney had was based on a judgment call. Both Proposed Intervenors and Disney agree that the applicable principle is found in *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

The loss of jurisdiction is "with respect to any matters involved in the appeal." *Scott v. K.W. Max Investments, Inc.*, 2007 WL 2900354 (M.D. Fla 2007) (J. Spaulding), citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

> [A] federal district court and a court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

---

[6] Also supportive of Proposed Intervenors' position that an immediate appeal was permitted, and likely was required, is *Shores v. Sklar*, 844 F.2d 1485, 1491 (11th Cir. 1988) (appeal of denial of motion to intervene rejected; no jurisdiction because "Habshey waited 145 days after the denial of his motion to file a notice of appeal."), opinion reinstated in part on rehearing *en banc*, 885 F.2d 760 (11th Cir. 1989) *(reinstating the holding that an immediate appeal was required.* "With respect to the appeal by Habshey, who moved to intervene in the district court, we reinstate Part II.B. of the panel opinion. 844 F.2d at 1491. We agree with the panel that Habshey's appeal was untimely.").

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The divestiture applies to non-dispositive matters as well as to dispositive matters.[7] Here, issues on intervention overlap significantly with those on the settlement's fairness.

Disney responded that there was no overlap and that *Griggs* did not apply. Whether that is so is a matter of judgment and interpretation, disagreement on which cannot ever result in sanctions.

In the *Suggestion*, Proposed Intervenors were careful to note that there are "no decisions precisely on point" and to argue from decisions providing "guidance."

> Does a pending appeal on an intervention denial in a class action require that a district court suspend a fairness hearing pending the decision on appeal? There appear to be no decisions precisely on point. There are decisions, however, which provide guidance. The logic of the "anomalous rule" (that the lower court and parties need to have intervention resolved so that the merits of the case may proceed) also supports the conclusion that proceedings should halt pending appeal.

*Suggestion* at 4. This sort of acknowledgement of precedent, or gaps therein, and explicit argument for applying the logic from one case to another, is precisely what is permitted, and may not be sanctioned, under Rule 11.

## V.   Conclusion

At the outset of this response, the attorneys, DRAFT, Tina Baughman and Jerry Kerr expressed our appreciation and acknowledgement that the suggestion regarding jurisdiction caused dismay and concern to the Court. We regret that occurred and apologize for any

---

[7] *Hardin v. First Cash Financial Services*, 465 F.2d 470, 474, n. 2 (10th Cir. 2006); *Combined Energies v. CCI, Inc.,* 495 F.Supp. 142, 143-144 (D. Me. 2007) ("To assume ongoing jurisdiction over discovery would be inconsistent with the bedrock principle that once a case is appealed, jurisdiction rests with the court of appeals, not in both the court of appeals and the district court.").

inconvenience caused. With continued respect for this Court, we certainly will bear in mind the Court's concern as we proceed.

We believe that, on analysis, the Court will perceive that the arguments on jurisdiction were advanced in good faith, and with sufficient basis in the law, and were not vexatious or objectively in bad faith.

Proposed Intervenors, we believe it was reasonable to argue, had no choice under the anomalous rule, *Sklar* and the other cases cited, but to appeal. Our concern was that any later effort to appeal would be met with Disney and Plaintiffs raising the anomalous rule <u>against</u> Proposed Intervenors, in an argument that there was no jurisdiction over the later-filed appeal.

The suggestion of the appropriateness of a stay was not to obfuscate or to delay, but to seek a decision on the intervention which was intertwined with the issues at the fairness hearing.

We believe that any deficiencies in the argument did not fall below the Rule 11 standards and were not vexatious under § 1927.[8]

We respectfully submit that neither Rule 11 nor § 1927 have been violated.

Respectfully submitted this 8th day of June, 2009.

                                        s/Aaron C. Bates
                                        Attorneys for Individual Objectors and for
                                        Disability Rights Advocates for Technology

---

[8] If the Court finds otherwise, we note that under Rule 11 a sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Rule 11(4). Given the vigorous and relevant dispute – from both sides – on the law here, we submit that no such sanction is needed.

**COUNSEL:**

Aaron C. Bates
BATES MOKWA, PLLC
126 East Jefferson Street
Orlando, Florida 32801
Telephone: (407) 893-3776
Facsimile: (407) 893-3779
abates@batesmokwa.com

David G. Geffen
David Geffen Law Firm
530 Wilshire Blvd Suite 205
Santa Monica, CA 90401
Telephone: (310) 434-1111
Facsimile: (310)-434-1115
geffenlaw@aol.com

David Ferleger
10 Presidential Boulevard
Suite 115
Bala Cynwyd, PA 19004
Telephone: (610) 668-2221
Facsimile: (610) 668-3889
david@ferleger.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on June 8th, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

                                    s/ Aaron C. Bates
                                        Aaron C. Bates

## SERVICE LIST

John A. Baker
J. Phillip Krajewski
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, IL 62701
Telephone: (217) 522-3445
Facsimile: (217) 522-8234
johnbakerlaw@sbcglobal.net
jpklaw@sbcglobal.net
**Attorneys for Dan Wallace**

Bernard H. Dempsey, Jr.
Dempsey & Associates, PA
1560 Orange Ave., Suite 200
Winter Park, FL 32789-5544
Telephone: (407) 422-5166
Facsimile: (407) 422-8556
bhd@dempsey-law.com
**Attorneys Mahala Ault**

Gretchen E. Jacobs
U.S. Department of Justice
P.O. Box 66738
Washington, D.C. 20035-66738
Telephone: (202) 514-9584
Facsimile: (202) 307-1198
gretchen.jacobs@usdoj.gov
**Attorney for *Amicus Curiae*
United States of America**

Jason M. Medley
O'Donnell, Ferebee, Medley & Keiser, PC
450 Gears Rd, Suite 800
Houston, TX 77067
Telephone: (281) 875-8200
Facsimile: (281) 875-4962
jmedley@ofmklaw.com
**Attorneys for Stacie Rhea**

Manuel Kushner
Kaye Scholer, LLP
Suite 900 W
777 S Flagler Dr
West Palm Beach, FL 33401
Telephone: 561/802-3230
Facsimile: 561/802-3217 (fax)
mkushner@kayescholer.com

Kerry Alan Scanlon
Jeremy M. White
Kaye Scholer, LLP
901 15th St NW, Suite 1100
Washington, DC 20005
Telephone: 202/682-3500
Facsimile: 202/682-3580
kscanlon@kayescholer.com
jewhite@kayescholer.com
**Attorneys for Defendants Walt Disney World Co.**